UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:14-CV-00046-FDW

| | |
|---|---|
| AGATHA B. GUY, O/B/O, <br> CLINT AVERY HOLCOMBE <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, <br> ACTING COMMISIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) ORDER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER** is before the Court on Plaintiff Agatha B. Guy's Motion for Summary Judgment (Doc. Nos. 14, 15) and Defendant Acting Commissioner of Social Security Carolyn Colvin's Motion for Summary Judgment (Doc. Nos. 16, 17). Plaintiff, through counsel and on behalf of Clint Avery Holcombe, seeks judicial review of an unfavorable administrative decision on Mr. Holcombe's claim for Disability Insurance Benefits. Mr. Holcombe was adjudged incompetent on July 1, 2014, and Ms. Guy was subsequently appointed guardian of Mr. Holcombe's estate on July 22, 2014. (Doc. No. 1, Exhibit B at 2, 4).

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reason set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Administrative Law Judge ("ALJ") Stewart's decision is AFFIRMED.

# I. BACKGROUND

On April 12, 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. The alleged period of disability was January 1, 2007, through the date last insured ("DLI") of September 30, 2007. (Doc. No. 1, Exhibit A at 7). Plaintiff alleges he was disabled due to clinical depression, extreme fatigue, worrying, stress, lack of concentration, and bipolar disorder. (Doc. 15 at 1). Plaintiff's claim was initially denied on January 1, 2011, and was again denied on reconsideration on May 23, 2011. (Doc. No. 15 at 1). On June 6, 2011, Plaintiff timely filed a request for hearing pursuant to 20 CFR 404.929 *et seq.* (Doc. No. 15 at 1). A hearing was held on September 30, 2011, before ALJ Ivar E. Avots. (Doc. No. 15 at 1). ALJ Avots denied Plaintiff's claim on January 31, 2012, ultimately finding although Plaintiff suffered from a combination of impairments, he was able to perform work in the national economy and thus was not eligible for disability or insurance benefits. (Doc. No. 15 at 3). Plaintiff timely appealed this decision, and on May 20, 2013, the Appeals Council vacated ALJ Avots' decision and remanded the case to ALJ Sarah B. Stewart with the following instructions:

(1) Obtain evidence from a psychological medical expert to clarify the nature and severity of the claimant's impairments and to assess any limitations associated with the claimant's mental impairments relevant to the period at issue.
(2) Further evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c).
(3) If warranted, give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations.
(4) Further evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms and Social Security Ruling 96-7p.2.

(5) If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations.
(6) If the evidence of record indicates that the claimant is disabled prior to his date last insured, *conduct further proceedings required to determine whether drug addiction and alcoholism are contributing factors material to the finding of disability*.

(Doc. No. 1, Exhibit A at 5-6) (emphasis added) (citations omitted). On July 16, 2014, ALJ Stewart determined drug and alcohol abuse was the only impairment suffered by Plaintiff during the relevant time period and thus denied Plaintiff's claim for disability and insurance benefits. (Doc. No. 1, Exhibit A at 14). This decision became the final agency decision, and Plaintiff filed a complaint in this Court requesting ALJ Stewart's decision be set aside and the case be remanded for further proceedings. (Doc. No. 1 at 2).

## II.   STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Rather, this Court "'must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and

were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)).

The Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit defined "substantial evidence" as "'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, so long as the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. ANALYSIS

The question before the Court is whether substantial evidence supports ALJ Stewart's decision that Plaintiff was not "disabled"[1] under sections 216(i) and 223(d) of the Social Security

---

[1] "Disability" is defined in Social Security Act, 42 U.S.C. §§ 216(i), 223(d) as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

Act between the onset date of January 1, 2007, and the DLI of September 30, 2007. To set aside the final decision of an ALJ, Plaintiff bears the burden to prove the ALJ's decision on the question of disability is not supported by substantial evidence. See Hays, 907 F.2d at 1456.

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, they will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Lastly, step five is to consider whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v).

On July 16, 2014, ALJ Stewart found Plaintiff was not disabled within the meaning of the Social Security Act from June 11, 2010, through his DLI. (Doc. No. 1, Exhibit A at 31). ALJ Stewart found at step one Plaintiff had not engaged in substantial gainful activity, noting any work completed during that time period fell well below the level of substantial gainful activity. (Doc. No. 1, Exhibit A at 7). At step two, ALJ Stewart found Plaintiff had only one impairment: substance abuse disorder due to polysubstance abuse. (Doc. No. 1, Exhibit A at 7). However, she

5

did find this impairment to be severe within the meaning of 20 CFR 404.1520(c) because the drug and alcohol abuse caused more than a minimal limitation on the ability to perform basic work activities. (Doc. No. 1, Exhibit A at 7). At step three, ALJ Stewart found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 because no mental or physical disability apart from the drug and alcohol abuse had been established. (Doc. No. 1, Exhibit A at 10). Finally at steps four and five, ALJ Stewart determined Plaintiff would have had no limitations on his ability to work absent the drug and alcohol abuse. (Doc. No. 1, Exhibit A at 31).

On appeal, Plaintiff makes one assignment of error: that ALJ Stewart's decision is not supported by substantial evidence. (Doc. No. 15 at 9). Plaintiff asserts three arguments in support of his position. First, Plaintiff argues ALJ Avots' findings should have been given weight in ALJ Stewart's decision under a *res judicata* theory. Second, Plaintiff argues there is a lack of medical basis to support ALJ Stewart's decision. Finally, Plaintiff asserts ALJ Stewart's decision to not give treating physician Dr. Donald Buckner's opinions controlling weight was in error because treating physicians' opinions are entitled to greater weight.

A.     *Res Judicata*

Plaintiff first argues the decision of the ALJ involved in the prior case should have been given weight in ALJ Stewart's decision pursuant to the courts' decisions in Lively v. Sec'y of Health and Human Servs., 820 F.2d 1391 (4th Cir. 1987); Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473 (4th Cir. 1999); Bordwell v. Colvin, 1:11–CV–01096–TWB–LPA, 2014 WL 10247782 (M.D.N.C. 2014). Plaintiff's reliance on and interpretation of these cases is misguided. Plaintiff makes an argument that *res judicata*—claim preclusion—supports his assertion that ALJ

6

Avots' decision should be given weight. There is no issue of claim preclusion here, as there is no final decision. Thus, Albright and Lively are irrelevant to this case.

Plaintiff asserts in his brief that the districts are split on the question of whether prior findings must be considered on remand. Compare Monroe v. Colvin, 2014 WL 7404136, 2 (E.D.N.C. 2014) (holding prior findings need not be given weight on remand when the prior findings are vacated) with Bordwell, 2014 WL 10247782, 3 (M.D.N.C. 2014) (holding prior finding of an anxiety impairment must have been given weight on remand because the question on remand was specific to the anxiety impairment). However, these cases do not create a split among the District Courts in North Carolina. Rather, they stand for the principle that parties must comply with remand instructions.

In Bordwell, the ALJ was specifically directed to "consider the functional limitations caused by the plaintiff's anxiety." Bordwell, 2014 WL 10247782, 3. Nonetheless, the ALJ on remand ignored this condition and all evidence indicating it. Id. The District Court reversed the subsequent decision, holding the ALJ in error for failing to consider the previous findings. Id. Conversely, the prior ALJ decision in Monroe was vacated and remanded for *de novo* review. Monroe, 2014 WL 7404136, 1. Thus, the subsequent ALJ was not required to give weight to the prior decision because there was no final decision. Id.

Here, like in Monroe, ALJ Stewart was directed to essentially reconsider the case anew, while also focusing on the issue of whether drug and alcohol abuse was a contributing factor to any disability suffered by the Plaintiff during the relevant time period. (Doc. No. 1, Exhibit A at 5-6). ALJ Steward directly followed the instructions on remand, and the mere fact that her findings

were different than ALJ Avots' is immaterial because she was instructed to consider the case anew. Thus, Plaintiff's *res judicata* argument is without merit.

> B.      *Lack of Medical Basis and Dr. Buckner's Opinions*

Plaintiff's remaining two arguments are likewise without merit. Plaintiff asserts there is a lack of medical basis to support ALJ Stewart's decision and that she should have given Dr. Buckner's decision more, if not controlling, weight. (Doc. No. 15 at 11, 13). Plaintiff cites to Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005), to support his assertion that Dr. Buckner's decision should have been given more weight. In Johnson, the court states, "Courts often accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." 434 F.3d at 654. While this may be true, the fact remains that Dr. Buckner was not a treating physician during the relevant time period, as noted by ALJ Stewart; in fact, Dr. Buckner did not begin seeing Plaintiff until approximately a year and a half after the DLI. (Doc. No. 1, Exhibit A at 22). Thus, Dr. Buckner is not entitled to the controlling weight enjoyed treating physicians' opinions.

Social Security regulations delineate factors to be relied upon in determining the level of weight to be given to a physician's opinions. 20 C.F.R. § 404.1527 (2005). Those factors include, but are not limited to: (1) whether the physician has examined the applicant; (2) the treatment relationship between the physician and the applicant; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; and (5) whether the physician is a specialist. Id. ALJ Stewart found Dr. Buckner's opinions both internally inconsistent and inconsistent with the record. (Doc. No. 1, Exhibit A at 22). ALJ Stewart noted Dr. Buckner is a specialist in psychiatry and had a treatment relationship with the Plaintiff, but this relationship did

not begin until approximately a year and a half after the DLI. (Doc. No. 1, Exhibit A at 22). Taking these factors together and coupling them with the record, ALJ Stewart's decision to give Dr. Buckner's opinions limited weight was proper.

Finally, Plaintiff asserts ALJ Stewart's decision lacks a medical basis. Having decided to give Dr. Buckner's opinions limited weight, there is little in the record indicating any finding but ALJ Stewart's decision that Plaintiff's only disability during the relevant time period was drug and alcohol abuse. There are no records of treatment for any medical conditions other than drug and alcohol abuse during the relevant time period. Plaintiff clings to Dr. Buckner's opinion that Plaintiff may have been suffering from a mental impairment during that time period. (Doc. No. 15 at 14). However this opinion is not supported by any objective clinical or laboratory findings or observations. (Doc. No. 1, Exhibit A at 18). It is simply an opinion, which cannot be solely relied upon to prove a disability. Furthermore, Dr. Buckner's own opinions show severe drug and alcohol abuse during the relevant time period. (Doc. No. 1, Exhibit A at 18). The burden is on Plaintiff to prove the alleged disability's existence, and Plaintiff has failed to meet this burden. The overwhelming evidence in the record points to ALJ Stewart's finding of drug and alcohol abuse. Thus, ALJ Stewart's decision is supported by substantial evidence and should not be disturbed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. Nos. 14, 15) is DENIED; Defendant's Motion for Summary Judgment (Doc. Nos. 16, 17) is GRANTED; and the Commissioner's decision is AFFIRMED. The Clerk's Office is directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: November 12, 2015

Frank D. Whitney
Chief United States District Judge